To THE PETITION OF COUNSEL FOR APPELLANTS FOE A REHEARING,
Judge Pryor
delivered the following response of the court:
This court, in the opinion heretofore rendered, recognized the general doctrine that a decree of any court of competent *579 jurisdiction, on the question at issue, can only be reviewed by an appeal, or by proper proceedings to obtain a new trial, or to vacate the judgment, but at the same time held that exceptions were to be found to this general rule; in other words, that the plaintiff in the action is not entitled to a judgment until the defendant is cited to appear, and that a constructive service, obtained by the husband against the wife, when at the time of the service she is in his custody or under his control, is no service, and all proceedings under it are null and void. In such a state of case the residence and domicil of the husband must be regarded as the residence and domicil of the wife. It is not a question of public policy that this court is attempting to assert, but when the wife is denied the right of appeal, or the right to file a petition to vacate the judgment, every principle of natural justice requires that she shall be heard before she is condemned, and the reason of the rule denying her the right to attack the, judgment in a collateral proceeding ceases to exist.
Counsel for the appellant fail to perceive any similarity in the oases of Dean v. Nelson and Lasere v. Rochereau, cited in the opinion, and say that no valid judgment could have been rendered in those cases, because it was unlawful for the defendants to appear; but as to Mrs. Newcomb, she had the right to appear and defend, and was in no just sense deprived of that privilege by the husband. In the cases referred to the plaintiffs in the several actions had no agency in placing the defendants in a condition where they could not respond, but the government had intervened, and forbidden the parties from coming within the federal lines. In this case, the plaintiff, himself asking the judgment, is the party having the control of the defendant, and his commands she was compelled to obey, and could have made no response if she had possessed the mental capacity, without his consent. It is immaterial for what purpose the husband places his wife within the walls of *580 an asylum, if she is there by his direction and subject to his control, he can not proceed against her as a non-resident. It will not do to adjudge, that if insane he may have constructive process, but if sane it must be treated as void. The condition of Mrs. Newcomb’s mind was such, that if she had been brought to Kentucky, and served with an actual summons, she could have made no response. Still the court will not stop to measure the mental capacity of the defendant in determining the validity of such a service. It is either a void or valid service, and for the reasons already indicated, it must be adjudged void. These questions were not raised in the original case, nor were the facts presented upon which the chancellor could have disposed of the question. The party defendant was not in court, but it is insisted by the counsel for the appellant that she was in court because the record says she was in court. This response might well be made if the appellee had her remedy by an appeal, or could by proper proceedings vacate the judgment. In such cases the rule, that a judgment, by a court having jurisdiction of the subject-matter and the parties, can not be attacked in a collateral proceeding, is made to apply, but where these remedies are all withheld from the defendant in an action for a divorce by reason of the statute, it would be inconsistent with public interest and morals, as well as a palpable violation of the natural, legal, and constitutional rights of the citizen to say, that a judicial tribunal could, by its judgment, sever the marital relation without notice to the parties in interest.'
The petition is therefore overruled.